UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RICKY BROSS,

       Petitioner,

                         CASE NO. 2:11-cv-12942
v.                         JUDGE STEPHEN J. MURPHY, III
                         MAGISTRATE JUDGE PAUL KOMIVES

ROBERT NAPEL,

       Respondent.
_____/

## REPORT AND RECOMMENDATION ON RESPONDENT'S MOTION FOR SUMMARY JUDGMENT (docket #8)

I.    RECOMMENDATION: The Court should conclude that petitioner's application for the writ of habeas corpus is barred by the one year statute of limitations contained in 28 U.S.C. § 2244(d). Accordingly, the Court should grant respondent's motion for summary judgment. If the Court accepts this recommendation, the Court should also deny petitioner a certificate of appealability.

II.    REPORT:

A.    *Procedural Background*

Petitioner Ricky Bross is a state prisoner, currently confined at the Marquette Branch Prison in Marquette, Michigan. Petitioner is currently serving a sentence of 2½-15 years' imprisonment imposed following his 2005 state court conviction for armed robbery. Petitioner's application and the state court record reveal the following time line of the state court proceedings:

- On October 10, 2005, petitioner was convicted pursuant to his guilty plea in the Isabella County Circuit Court. On December 14, 2005, the trial court imposed its sentence. Petitioner did not appeal his conviction or sentence.

- On October 13, 2008, petitioner filed a motion for relief from judgment in the trial

   court pursuant to MICH. CT. R. 6.500-.508.[1] Petitioner asserted claims of involuntary plea, ineffective assistance of counsel, and actual innocence. The trial court denied the motion on May 28, 2009. *See People v. Bross*, No. 05-1204-FC (Isabella County, Mich., Cir. Ct. May 28, 2009).

• Petitioner sought leave to appeal in the Michigan Court of Appeals. The court of appeals denied petitioner's application in a standard order on March 2, 2010. *See People v. Bross*, No. 296121 (Mich. Ct. App. Mar. 2, 2010).

• Petitioner thereafter sought leave to appeal in the Michigan Supreme Court. That court denied petitioner's application for leave to appeal in a standard order on July 26, 2010. *See People v. Bross*, 487 Mich. 857, 784 N.W.2d 809 (2010).

On June 25, 2011, petitioner filed this application for the writ of habeas corpus pursuant to 28 U.S.C. § 2254.[2] Petitioner raises the grounds for relief that he raised in his state court motion for relief from judgment. Respondent filed a motion for summary judgment on January 12, 2012, arguing that petitioner's habeas application is untimely. As of the date of this Report, petitioner has not filed a response to the motion. For the reasons that follow, the Court should grant respondent's motion for summary judgment and deny petitioner's motions.

B. *Statute of Limitations*

  1. *Statutory Timeliness and Tolling*

Respondent argues that petitioner's application is barred by the one-year statute of limitations governing habeas petitions. On April 24, 1996, President Clinton signed into law the Antiterrorism

---

[1] The trial court docket sheet does not list the filing of the motion on this date, but does reflect further proceedings on the motion. The October 13, 2008 date is set forth on the proof of service accompanying the motion, which is attached to petitioner's habeas application, and respondent relies on this date in making its limitations argument.

[2] Although petitioner's application is file-stamped July 7, 2011, it is well-established that a habeas petition is deemed "filed" for purposes of the statute of limitations on the date the petitioner gives his motion to prison officials for mailing. *See In re Sims*, 111 F.3d 45, 47 (6th Cir. 1997); *Beckovich v. Coyle*, 22 F. Supp. 2d 722, 723 (N.D. Ohio 1998); *cf. Houston v. Lack*, 487 U.S. 266, 270 (1988). Petitioner's application is signed and dated June 25, 2011. Accordingly, I assume that the petition was given to prison officials for mailing, and was thus "filed," on June 25, 2011.

and Effective Death Penalty Act (AEDPA), Pub. L. No. 104-132, 110 Stat. 1220 (Apr. 24, 1996). In relevant part, the AEDPA amended 28 U.S.C. § 2244 to provide a one year statute of limitations for habeas petitions. Specifically, the statute as amended by the AEDPA provides:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of–
> (A) the date on which the judgment became final by the conclusion of direct review of the expiration of the time for seeking such review;
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).[3]

As the language of the statute indicates, there are four possible dates on which the limitations period may begin to run. Assuming that the default provision of subparagraph (A) applies, petitioner's application is untimely. Under subparagraph (A) of § 2244(d),

> a judgment of conviction does not become "final" . . . until the Supreme Court affirms the conviction and sentence on the merits or denies a timely filed petition for certiorari.
> In addition, if a defendant does not file a certiorari petition, the judgment of conviction does not become "final" until the time for seeking certiorari review expires.

*Kapral v. United States*, 166 F.3d 565, 570-71 (3d Cir. 1999); *see also*, *United States v. Simmonds*,

---

[3]The AEDPA codified a one-year statute of limitations provision for motions to vacate federal convictions brought under 28 U.S.C. § 2255 which is nearly identical to the one found in § 2244(d)(1). *See* 28 U.S.C. § 2255 para. 6. Accordingly, cases discussing the § 2255 statute of limitations are applicable here.

111 F.3d 737, 744 (10th Cir. 1997) (conviction became final upon denial of certiorari); *Torres v. Irvin*, 33 F. Supp. 2d 257, 271 (S.D.N.Y. 1998) ("[A] judgment of conviction only becomes final upon the expiration of the ninety days to seek a writ of certiorari from the United States Supreme Court."); *United States v. Dorsey*, 988 F. Supp. 917, 918 (D. Md. 1998) (same); *cf. Penry v. Lynaugh*, 492 U.S. 302, 314 (1989) (for purpose of determining whether application of new rule of law would be an impermissible retroactive application to a case which has already become final, conviction becomes final upon denial of the defendant's petition for certiorari); *Griffith v. Kentucky*, 479 U.S. 314, 321 n.6 (1987) ("By 'final,' we mean a case in which a judgment of conviction has been rendered, the availability of appeal exhausted, and the time for a petition for certiorari elapsed or a petition for certiorari finally denied.").

Here, petitioner was sentenced on December 14, 2005. He had one year in which to file a delayed application for leave to appeal in the Michigan Court of Appeals. *See* MICH. CT. R. 7.205(F). Where, as here, petitioner does not seek review which he is entitled to seek under state law, the conviction becomes "final" upon the conclusion of the time for seeking that review. *See Gonzalez v. Thaler*, 132 S. Ct. 641, 653-54 (2012). Therefore, petitioner's conviction became final, and the limitations period commenced running, on December 14, 2006, and the period expired on December 14, 2007. Because petitioner's application was not filed until June 25, 2011, over 3½ years after the expiration of the limitations period, the application is untimely unless the limitations period was tolled for any reason.

Under § 2244(d)(2), the limitations period is tolled for "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending[.]" Petitioner's motion for relief from judgment was filed in the trial court on October 13, 2008. By this time, the limitations period had been expired for 10 months. It

is well established that subsection (d)(2) is a tolling provision and therefore a post-conviction motion only pauses the limitations clock; it "does not reset the date from which the one-year statute of limitations begins to run." *Smith v. McGinnis*, 208 F.2d 13, 17 (2d Cir. 2000); *see also*, *Brooks v. McKee*, 307 F. Supp. 2d 902, 905 (E.D. Mich. 2004) (Gadola, J.).  Thus, defendant's motion for relief from judgment had no tolling effect, and petitioner's application is untimely.

    2.    *Potential Arguments*

Because petitioner has not filed a response to the motion for summary judgment, he has offered nothing to rebut the foregoing calculation of the limitations period.  Nor, for the reasons explained below, do any arguments against a finding of untimeliness suggest themselves.

### *a. Delayed Starting*

None of petitioner's claims rely on new rules of law or newly discovered facts, nor do any allegations in the petition suggest that a state-created impediment prevented petitioner from timely filing his application.  Thus, the delayed starting provisions set forth in § 2244(d)(1)(B)-(D) are inapplicable.

### *b. Equitable Tolling*

The habeas limitations provision set forth in § 2244(d) "is subject to equitable tolling in appropriate cases." *Holland v. Florida*, 130 S. Ct. 2549, 2560 (2010).  To be entitled to equitable tolling of the limitations period, petitioner "must show '(1) that he had been pursing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Lawrence v. Florida*, 549 U.S. 327, 336 (2007) (quoting *Pace v. Diguglielmo*, 544 U.S. 408, 418 (2005)); *see also*, *Holland*, 130 S. Ct. at 2562.  "The petitioner bears the burden of establishing that he is entitled to equitable tolling." *McClendon v. Sherman*, 329 F.3d 490, 494 (6th Cir. 2003).  Importantly, diligence alone is not sufficient; petitioner must also show that some extraordinary

circumstance prevented him from timely filing his petition. *See Mathis v. Thaler*, 616 F.3d 461, 474-76 (5th Cir. 2010) (petitioner not entitled to equitable tolling even though he had acted diligently).

Petitioner's application does not set forth any basis for a finding of equitable tolling. Neither a prisoner's *pro se* status nor his lack of knowledge of the law constitute extraordinary circumstances justifying equitable tolling. *See Lattimore v. DuBois*, 311 F.3d 46, 55 (1st Cir. 2002); *Marsh v. Soares*, 223 F.3d 1217, 1220 (10th Cir. 2000); *Felder v. Johnson*, 204 F.3d 168, 171 (5th Cir. 2000); *Rodriguez v. Elo*, 195 F. Supp. 2d 934, 936 (E.D. Mich. 2002) (Rosen, J.); *cf. Johnson v. United States*, 544 U.S. 295, 311 (2005) ("[W]e have never accepted pro se representation alone or procedural ignorance as an excuse for prolonged inattention when a statute's clear policy calls for promptness."). Petitioner does assert, as one of his grounds for relief, that his plea was involuntary because he was under the influence of psychotropic medications at the time of the plea. Assuming that petitioner would argue that he is still under the influence of such medications or suffering from the mental impairments requiring that medication, he still has not shown entitlement to equitable tolling.

A petitioner's mental impairments, if sufficiently severe to have prevented him from filing his habeas petition, may provide a legally sufficient basis for equitable tolling of the limitations period. *See Brown v. McKee*, 232 F. Supp. 2d 761, 767-68 (E.D. Mich. 2002); *cf. Gray v. Potter*, 115 Fed. Appx. 891, 894 (7th Cir. 2004) ("A plaintiff whose mental or physical impairment prevents her from complying with the statute of limitations may invoke equitable tolling."). However, the mere existence of a mental impairment does not provide a basis for equitable tolling. "[M]ental incompetence is not a per se reason to toll a statute of limitations." *McSwain v. Davis*, 287 Fed. Appx. 450, 456 (6th Cir. 2008). Rather, "petitioner has the burden to show that these health problems rendered him unable to pursue his rights during the one-year time period." *Rhodes v. Senkowski*, 82

6

F. Supp. 2d 160, 173 (S.D.N.Y.2000); *see also*, *McSwain*, 287 Fed. Appx. at 456 ("In order to be entitled to equitable tolling the petitioner must make a threshold showing of incompetence and must also demonstrate that the alleged incompetence affected her ability to file a timely habeas petition."); *Brown*, 232 F. Supp. 2d at 768; *cf. Zillyette v. Capital One Financial Corp.*, 1 F. Supp. 2d 1435, 1441 (M.D. Fla. 1998) ("[M]ental incompetency will toll the filing period only upon the demonstration of exceptional circumstances which would lead the court to conclude that Plaintiff could not have pursued her claim in a timely manner."), *aff'd*, 179 F.3d 1337 (11th Cir. 1999); *Moody v. Bayliner Marine Corp.*, 664 F. Supp. 232, 237 (E.D.N.C. 1987) (equitable tolling available only when plaintiff is so incapacitated that he was "incapable of filing any claim within the requisite time periods."). Here, the evidence of mental impairment provided by petitioner does not of its own force suggest a mental impairment sufficiently severe to prevent petitioner from timely filing his habeas application. The Presentence Investigation Report attached to petitioner's application shows that petitioner was diagnosed with clinical depression. This is not a disorder generally of the type that would so incapacitate petitioner as to make him incapable of pursing his legal remedies. Further, despite any alleged mental incapacity from which petitioner may still be suffering, he pursued his state post-conviction remedies, filing a motion for relief from judgment and numerous other motions and pleadings in the state courts, as well as appeals from the trial court's orders on these motions. Thus, "the record evidence indicates [petitioner] was able to pursue both direct and collateral challenges to [his] conviction in the state courts notwithstanding [his] mental illness." *McSwain*, 287 Fed. Appx. at 457 (citing *Bilbrey v. Douglas*, 124 Fed. Appx. 971, 973 (6th Cir. 2005) (disallowing equitable tolling on the basis of mental incapacity where the habeas petitioner had pursued state court litigation even during the periods when her mental condition was the most impaired); *see also*, *Brown*, 232 F. Supp. 2d at 768. Accordingly, the Court should conclude that petitioner is not entitled to equitable

tolling of the limitations period based on his alleged mental disability.

### c. Actual Innocence

Finally, although he does not assert it as a basis for overcoming the limitations period, in his application petitioner asserts his actual innocence as a substantive ground for relief. The Court should conclude that this claim does not provide a basis for overcoming the statute of limitations.

The Sixth Circuit has held that the actual innocence exception, which allows a court to review the merits of a habeas claim notwithstanding a procedural default, likewise exists for the habeas statute of limitations. *See Souter v. Jones*, 395 F.3d 577, 598-602 (6th Cir. 2005). In order to be entitled to the actual innocence exception, however, a petitioner must present "new and reliable evidence that was not presented at trial" that "show[s] that it is more likely than not that no reasonable juror would have found him guilty beyond a reasonable doubt." *Schlup v. Delo*, 513 U.S. 298, 299 (1995). "To establish the requisite probability, the petitioner must show that it is more likely than not that no reasonable juror would have convicted him in light of the new evidence." *Schlup*, 513 U.S. at 327 (internal citation and quotation omitted). It is not sufficient to show merely that the evidence raises a reasonable doubt which did not otherwise exist. *See id*. at 329 ("The meaning of actual innocence . . . does not merely require a showing that a reasonable doubt exists in light of the new evidence, but rather that no reasonable juror would have found the defendant guilty."). "Examples of evidence which may establish factual innocence include credible declarations of guilt by another, trustworthy eyewitness accounts, and exculpatory scientific evidence." *Pitts v. Norris*, 85 F.3d 348, 350-51 (8th Cir. 1996) (citations omitted); *accord Schlup*, 513 U.S. at 324 (referring to "exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence"). *See generally*, *Souter*, 395 F.3d at 589-90.

At the preliminary examination, the victim testified that petitioner approached him on the

street, pulled out a gun and pointed it at his head, and asked him for his wallet, which he gave to petitioner. *See* Prelim. Exam. Tr., at 7-9. The victim saw petitioner in a park several days later and pointed him out to a police officer. *See id*. at 22. Petitioner admitted at his plea hearing that he robbed the victim at gunpoint. *See* Plea Tr., at 8-9. In arguing that he is actually innocent, petitioner does not point to any new evidence to establish this fact. He merely asserts that his mental state combined with counsel's coercive tactics caused him to plead guilty to a crime he did not commit. *See* Br. in Supp. of Mot. for Relief from Judgment, at 14 (appended to petitioner's habeas application). Petitioner does not point to any evidence, much less to any new and reliable evidence, supporting his bare assertion of innocence. His assertion of innocence, standing alone, is insufficient to satisfy the actual innocence exception. *See Kyle v. Duncan*, 16 Fed. Appx. 678, 679 (9th Cir. 2001); *Sweet v. Delo*, 125 F.3d 1144, 1152 n.9 (8th Cir. 1997). Accordingly, the Court should conclude that petitioner cannot overcome the limitations bar based on his assertion of innocence.

C.      *Recommendation Regarding Certificate of Appealability*

   1.      *Legal Standard*

As amended by the Antiterrorism and Effective Death Penalty Act, section 2253 provides that a petitioner may not appeal a denial of an application for a writ of habeas corpus unless a judge issues a certificate of appealability. *See* 28 U.S.C. § 2253(c)(1). The statute further provides that "[a] certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). As the Sixth Circuit has noted, this language represents a codification of the Supreme Court's decision in *Barefoot v. Estelle*, 463 U.S. 880 (1983), and "[t]he AEDPA thus makes no change to the general showing required to obtain a certificate[.]" *Lyons v. Ohio Adult Parole Auth.*, 105 F.3d 1063, 1073 (6th Cir. 1997); *accord Slack v. McDaniel*, 529 U.S. 473, 483 (2000). Although the statute does not define what constitutes a "substantial

showing" of a denial of a constitutional right, the burden on the petitioner is obviously less than the burden for establishing entitlement to the writ; otherwise, a certificate could never issue. Rather, the courts that have considered the issue have concluded that "'[a] substantial showing requires the applicant to "demonstrate that the issues are debatable among jurists of reason; that a court could resolve the issues (in a different manner); or that the questions are adequate to deserve encouragement to proceed further."'" *Hicks v. Johnson*, 186 F.3d 634, 636 (5th Cir. 1999) (quoting *Drinkard v. Johnson*, 97 F.3d 751, 755 (5th Cir. 1996) (quoting *Barefoot*, 463 U.S. at 893 n.4)); *accord Slack*, 529 U.S. at 483-84. Although the substantive standard is the same, "[t]he new Act does, however, require that certificates of appealability, unlike the former certificates of probable cause, specify which issues are appealable." *Lyons*, 105 F.3d at 1073. (citing 28 U.S.C. § 2253(c)(3)).

Effective December 1, 2009, the newly created Rule 11 of the Rules Governing Section 2254 Cases in the United States District Courts, 28 U.S.C. foll. § 2254, provides that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rule 11(a), 28 U.S.C. foll. § 2254. The rule tracks § 2253(c)(3)'s requirement that any grant of a certificate of appealability "state the specific issue or issues that satisfy the showing required by § 2253(c)(2)," Rule 11(a), but omits the requirement contained in the pre-amendment version of Federal Rule of Appellate Procedure 22(b)(1) that the court explain "why a certificate should not issue." FED. R. APP. P. 22(b)(1) (version effective prior to 2009 amendment); *see id*., advisory committee note, 2009 amendments. In light of the new Rule 11 requirement that the Court either grant or deny the certificate of appealability at the time of its final adverse order, I include a recommendation regarding the certificate of appealability issue here.

2. *Analysis*

Where, as here, a petition is dismissed on a procedural basis, the inquiry under § 2253(c) is

two-fold. In such a case, a certificate of appealability "should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right *and* that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack*, 529 U.S. at 485 (emphasis added). As the Court explained, "[w]here a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further. In such a circumstance, no appeal would be warranted." *Id*. at 486.

If the Court accepts the foregoing recommendation, petitioner cannot show that the Court's ruling on the procedural question is reasonably debatable. As noted above, petitioner's habeas application is untimely by a number of years, and petitioner has provided no basis for concluding that he is entitled to equitable tolling or application of the actual innocence exception.

D.     *Conclusion*

In view of the foregoing, the Court should conclude that petitioner's application for the writ of habeas corpus is barred by the statute of limitations governing habeas petitions. Accordingly, the Court should grant respondent's motion for summary judgment and dismiss the petition. If the Court accepts this recommendation, the Court should also deny the certificate of appealability.

III.     NOTICE TO PARTIES REGARDING OBJECTIONS:

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within fourteen (14) days of service of a copy hereof as provided for in FED. R. CIV. P. 72(b). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Secretary of Health & Human Servs.*, 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). Filing of objections which

raise some issues but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Secretary of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Federation of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Within fourteen (14) days of service of any objecting party's timely filed objections, the opposing party may file a response. The response shall be not more than five (5) pages in length unless by motion and order such page limit is extended by the Court. The response shall address specifically, and in the same order raised, each issue contained within the objections.


Dated: August 29, 2012                  s/Paul J. Komives
                                                 PAUL J. KOMIVES
                                                 UNITED STATES MAGISTRATE JUDGE